UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                          Chapter 15

BRITISH-AMERICAN INSURANCE                  Case No. 09-31881-EPK
COMPANY LIMITED

     Debtor in a Foreign Proceeding
_____/

### VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROEECEEDING OR IN THE ALTERNATIVE A FOREIGN  NONMAIN PROCEEDING AND FOR COORDINATION UNDER 11 U.S.C. § 1530 OF MORE THAN 1 FOREIGN PROCEEDING AND RELATED RELIEF PURSUANT TO 11 U.S.C. § 1515

Juan M. Lopez a/k/a John M. Lopez ("Lopez"), as duly appointed Judicial Manager for British-American Insurance Company Limited ("British American") and foreign representative ("Foreign Representative"), through his attorney, GrayRobinson, P.A., respectfully petitions this Court for entry of an order pursuant to sections 1515 and 1517 of Title 11 of the United States Code (the "Bankruptcy code") recognizing the insolvency proceeding (the "Foreign Proceeding") pending before the Commercial Division of the Supreme Court of The Commonwealth of The Bahamas (the "Bahamian Court") as a Foreign Main Proceeding or in the Alternative for Recognition as a Foreign Nonmain Proceeding, thereby granting relief pursuant to 11 U.S.C. §1520 or §1521, for coordination under 11 U.S.C. § 1530 and for related relief under § 1515 and in support thereof would show the Court as follows:

### I.      JURISDICTION AND VENUE

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

3.    Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1410.

## II.    BACKGROUND

4.    British American is a company incorporated on June 11, 1920 under the laws of The Commonwealth of The Bahamas and is regulated by the Insurance Commission of the Bahamas (the "Insurance Commission").

5.    British American has branch operations in Anguilla; Antigua and Barbuda; Bermuda; The Cayman Islands; Dominica; Guyana; Grenada; Montserrat; St. Kitts and Nevis; Panama; St. Lucia; Curacao, The Turks and Caicos Islands and St. Vincent and the Grenadines. It also operates in Barbados, Trinidad and Tobago, Curacao, Aruba, the Turks and Caicos Islands and the British Virgin Islands through subsidiaries.

6.    The Board of Directors of British American resigned from their positions on or about June 30, 2009.

7.    On September 8, 2009, the Supreme Court of The Commonwealth of The Bahamas, Commercial Division, granted the Insurance Commission's Petition for Appointment of Lopez as Judicial Manager for British American commencing the proceeding pending in the foreign court as defined under § 1502 (hereinafter "Foreign Proceeding"). A certified copy of the decision is incorporated by reference herein and attached hereto as Exhibit "A," pursuant to 11 U.S.C. § 1515(b)(1).

8.    In addition, since July 31, 2009, British American has had a number of Judicial Managers and an Administrator appointed to oversee its operations through the Courts in various of the jurisdictions in which it operates as follows:

| DATE | COURT | NAME | ADDRESS |
|------|-------|------|---------|
| July 31, 2009 | The Eastern Caribbean Supreme Court in the High Court of Justice Antigua and Barbuda | Cleveland Seaforth (Judicial Manager) | British American Insurance Company Limited Antigua and Barbuda Branch<br><br>KPMG Sagicor  Financial Centre 9 Factory Road St John's Antigua |
| July 31, 2009 | The Eastern Caribbean Supreme Court in the High Court of Justice (Anguilla Circuit) | Claudel Romney (Administrator) | British American Insurance Company Limited Anguilla Branch<br><br>KPMG LLC Caribbean Commercial Centre P.O. Box 136 The Valley Anguilla |
| July 31, 2009 | The Eastern Caribbean Supreme Court in the High Court of Justice Federation of Saint Christopher and Nevis | Lisa Taylor (Judicial Manager) | British American Insurance Company Limited Saint Christopher and Nevis Branch<br><br>KPMG Hastings Christ Church Bridgetown BB15154 Barbados |
| July 31, 2009 | The Eastern Caribbean Supreme Court In the High Court of Justice Saint Lucia | Frank Myers (Judicial Manager) | British American Insurance Company Limited St. Lucia Branch<br><br>KPMG Morgan Building L'Anse Road Castries St. Lucia |
| August 4, 2009 | In the Eastern Supreme Court in the High Court of Justice Saint Vincent and The Grenadines | Brian Glasgow (Judicial Manager) | British American Insurance Company Limited Saint Vincent & the Grenadines Branch<br><br>KPMG Kingstown Park |

| DATE | COURT | NAME | ADDRESS |
|---|---|---|---|
| | | | Financial Services Centre Kingstown Saint Vincent and the Grenadines |
| August 5, 2009 | The Eastern Caribbean Supreme Court in the High Court of Justice Montserrat | Casey McDonald (Judicial Manager) | British American Insurance Company Limited Montserrat Branch

KPMG P.O. Box 493 GT Century Yard, KY1-1106 Cayman Islands |
| August 5, 2009 | In the Supreme Court of Grenada and the West Indies Associated States High Court of Justice | Reuben M. John (Judicial Manager) | British American Insurance Company Limited Grenada Branch

KPMG Kingstown Park Financial Services Centre Kingstown Saint Vincent and the Grenadines |

These appointees shall collectively be referred to hereinafter as "Judicial Managers," together with Lopez as described below. Certified copies of the orders appointing each of the Judicial Managers are attached hereto as Composite Exhibit "B," pursuant to 11 U.S.C. § 1515(b)(1).

9.   Further a provisional liquidator was appointed on August 3, 2009 over the operation of British American's Bermuda branch as follows:

| DATE | COURT | NAME | ADDRESS |
|---|---|---|---|
| August 3, 2009 | In the Supreme Court of Bermuda Commercial Court Companies (Winding-Up) | Stephen Lowe (Provisional Liquidator) | British American Insurance Company Limited KPMG (as agent for the Official Receiver) Crown House 4 Par-La-Ville Road Hamilton, HM 08 Bermuda |

A certified copy of the Order Appointing the Provisional Liquidator is attached hereto as Exhibit "C."

10.    Further, Controllers were appointed over the operations of British American's Cayman Islands branch on September 15, 2009 as follows:

| DATE | COURT | NAME | ADDRESS |
|---|---|---|---|
| September 15, 2009 | In the Grand Court of The Cayman Islands | Simon Whicker and Kris Beighton, (Controllers) | British American Insurance Company Limited Cayman Islands Branch<br><br>KPMG P.O. Box 493 GT Century Yard, KY1-1106 Cayman Islands |

A certified copy of the Order Appointing the Controllers is attached hereto as Exhibit "D."

11.    Each of the Judicial Managers, Provisional Liquidator and Controllers was appointed upon application by government regulators in each of their respective jurisdictions and were empowered and directed to protect the assets of British American for the benefit of its creditors who are likely to be in large part policyholders who have annuities, pensions, basic health care and other types of insurance policies issued by British American in a number of jurisdictions.

12.    Moreover, as fiduciaries appointed in each of their respective jurisdictions, the Judicial Managers, Provisional Liquidator and Controllers are in the process of trying to ascertain the assets of British American and to take steps to properly defend claims against such assets while coordinating with each other to establish a unified procedure within which to

appear, and respond to pending litigation involving British American and/or its assets in the United States.

13.     The Judicial Managers, Provisional Liquidator and Controllers as court appointed fiduciaries in each of their respective jurisdictions have been diligent in trying to ascertain the breadth of the assets of British American and the extent of liabilities and or claims against British American since their appointment.   Due to the expansive nature of the British American operations, the process of coordination between the Judicial Managers, the Provisional Liquidator and the Controllers has begun.

14.     More importantly, the Judicial Managers, Provisional Liquidator and Controllers who are each partners of member firms affiliated with KPMG International, a Swiss cooperative, have all coordinated their efforts through Lopez on behalf of British American and seek recognition of all the proceedings before this Court jointly with Lopez, the judicial manager for British American in the Bahamas, in order to best protect the interests of British American in the United States.

15.     British American has a foreign proceeding pending in the Bahamas where it was incorporated.   Accordingly, the Bahamas is presumptively the center of its main interest in the Bahamas where the Foreign Proceeding is pending.

16.     , British American, has an "establishment", under §1502(2), in a number of the jurisdictions where British American presently carries out economic activity under the direct control of the Judicial Managers, Provisional Liquidators and Controllers all of whom are coordinating their efforts through Lopez.

17.     As of the date of this Statement, all efforts on behalf of British American including conducting its daily activities, and efforts to investigate and ascertain its assets in each

of the jurisdictions are coordinated through Lopez and each of the Judicial Managers, Provisional Liquidators and Controllers have designated Lopez as their representative for purposes of the requirements for Recognition of a Foreign Main Proceeding under Title 11 of the United States Bankruptcy Code.

18.     For the foregoing reasons, I believe that recognition of the proceeding pending in the Bahamas as a foreign main proceeding or, or in the alternative, recognition of the proceeding as a foreign non-main proceeding, is appropriate and warranted and coordination of more than 1 foreign proceeding regarding the Debtor is also appropriate under 11 U.S.C. § 1530.

19.     The Foreign Proceeding is pending where the Debtor, British American, has an establishment.

20.     Lopez believes that the Southern District of Florida is the district in which British American has its principal assets in the United States. Specifically, the Debtor has interests, through various intermediary companies, in many corporate entities that own real estate properties located in Florida. Further, the Debtor has interests in investments, whose managers and/or custodians are located in Florida.

21.     In addition, Lopez has reason to believe there may be other assets of British American located in the United States as well, but substantial investigation is necessary.

22.     British American is involved in the following lawsuits pending in the United States:

a.     Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd. and British American Insurance Company, Ltd., Case No.: 9:09-cv-80207-KAM pending in the U.S. District Court Southern District of Florida (West Palm Beach Division);

b.     Green Island Holdings, LLC v. British American Insurance Company Limited, Case No.: 2009 CA 007926, pending in the 9th Judicial Circuit in and for Osceola County, Florida;

c.     British American Ins. Co. v. Robert E. Stopiano, et al, Case No. CACE07-008295, pending in the 20th Judicial Circuit Court in and for Broward County;

d.     Cl Financial Limited v. British American Insurance Company, et al., Case No.: CACE08062461 pending in the 20th Judicial Circuit Court in and for Broward County.

23.     Lopez has filed a petition for recognition via Official Form 1 and this Verified Petition for Recognition of Foreign Main Proceeding, or in the alternative seeks Recognition of the proceeding as a Foreign Nonmain Proceeding and Related Relief (the "Petition") to protect British American's assets for the benefit of creditors.

## III.     RELIEF REQUESTED

24.     In furtherance of his duties as Judicial Manager of British American, Lopez seeks an Order from this Court pursuant to sections 105(a), 1507, 1515, 1517, 1520 and 1521 of the Bankruptcy Code, (the "Recognition Order").  Lopez seeks a Recognition Order which grants the following relief, which is necessary to best advance the proper management of British American:

a.     The recognition of the Foreign Proceeding as a Foreign Main Proceeding, or in the Alternative as a Foreign Nonmain Proceeding as defined by section 1502;

b.     The relief specified in section 1520 or 1521, including:

i.     a declaration that § 361 and § 362 apply with respect to British American and the property of its estate that is within the jurisdiction of the United States;

ii.     sections 363, 549 and 552 apply to a transfer of an interest of British American in property that is within the jurisdiction of the United States to the same extent that the sections would apply to property of the estate;

iii.     unless the court orders otherwise, Lopez may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by section § 363 and § 552;

iv.     section 552 applies to property of British American that is within the territorial jurisdiction of the United States;

v.     staying the commencement or continuation of any proceeding concerning the assets, rights, obligations, or liabilities of British American, including any action or proceeding against the foreign representative in his capacity as Judicial Manager of British American;

vi.     Staying execution against the assets of British American;

vii.     Suspending the right to transfer or otherwise dispose of any British American's assets;

viii.     Providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning British American's assets, affairs, rights, obligations, or liabilities;

ix.     Entrusting the administration or realization of all or part of British American's assets within the territorial jurisdiction of the Untied States to Lopez;

x.     Extending any relief granted under section 1519(a); and

vii.     As the Court may deem just and proper, awarding any additional relief that may be available to a trustee, except for the relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

## IV.    BASIS FOR RELIEF

### A.    This Court has Jurisdiction to Recognize the Foreign Proceeding and Grant the Relief Requested

25.    This Court has jurisdiction to hear and determine cases commenced under the Bankruptcy Code as well as related proceedings.  *See* 28 U.S.C. § 1334 (conferring to the district courts original and exclusive jurisdiction over bankruptcy cases) and 28 U.S.C. § 157 (providing that a district court may refer bankruptcy cases and related proceedings to a bankruptcy judge). By their statutory nature, chapter 15 cases arise under the Bankruptcy Code.   Furthermore, recognition of foreign proceedings and other matters under chapter 15 are core proceedings that a bankruptcy judge may hear and determine.  28 U.S.C. § 157(b)(2)(P).

26.    Venue with respect to British American is proper in the Southern District of Florida, because British American's principal assets within the United States are located within the district. 28 U.S.C. § 1410(I).   Alternatively, venue is proper in the Southern District of Florida, because such venue is consistent with the interests of justice and convenience of the parties with regard to the relief sought by the foreign representative.  28 U.S.C. § 1410(3).

### A.    This Court Should Enter an Order Recognizing the Foreign Proceeding as a Foreign Main Proceeding

27.    Lopez has satisfied the requirements for recognition of the Foreign Proceeding contained in Chapter 15 of the Bankruptcy Code.  As set forth in Lopez's Statement in Support of this Verified Petition:

a.    Lopez qualifies as a "foreign representative" as defined in §101(24) of the Bankruptcy Code because he is a person authorized under Bahamian law, who has been appointed in a "foreign proceeding" as defined in § 101(23) under a law relating to insolvency or adjustment of debt which proceeding the assets and affairs of the debtor are

subject to control or supervision by a foreign court for the purpose of reorganization or liquidation; and

b.       The Foreign Main Proceeding qualifies as a "foreign main proceeding" as defined in Sections 101(23) and 1502(4) of the Bankruptcy Code because:

1) it is pending in the Bahamas where British American was incorporated and is presumptively, the "center of its main interests" as the term is used in §§ 1502(4), 1516(c) and 1517(b)(1) and as provided under 1516(c) of the Bankruptcy Code. Moreover, as of the date of this Petition, all efforts on behalf of British American including conducting its daily activities, efforts to investigate and ascertain its assets in each of the jurisdictions are coordinated through Lopez and each of the Judicial Managers, Provisional Liquidators and Controllers have designated Lopez as their representative for purposes of the require for Recognition of a Foreign Main Proceeding under Title 11 of the United States Bankruptcy Code; and

2) a judicial proceeding under which British American's assets and affairs are the subject to the supervision of the Bahamian Court for the purpose of judicial management.

28.      Accordingly, Lopez respectfully requests the entry of an Order pursuant to Sections 1504, 1515, 1517, 1520, and 1521 of the Bankruptcy Code providing that as of the date thereof;

a.       The Foreign Proceeding is granted recognition as a foreign main proceeding pursuant to Sections 1517(a) and (b)(1) of the Bankruptcy Code;

b.       Lopez is the duly appointed "foreign representative" of British American as that term is defined in Section 101(24) of the Bankruptcy Code;

c.      Sections 361 and 362 of the Bankruptcy Code apply with respect to British American and its assets within the territorial jurisdiction of the United States;

d.      Any interim relief afforded under Section 1519 shall continue in effect;

e.      Sections 363, 549 and 552 apply to a transfer of an interest in the United States assets to the same extent that the sections would apply to property of an estate under the Bankruptcy Code;

f.      Section 552 applies to the United States assets;

g.       The rights granted Lopez and to parties, other than Lopez, under § 1520(b) and (c) are preserved to their full extent;

i.      Lopez may operate British American's business within the territorial jurisdiction of the United States and may exercise the powers of a trustee under and to the extent provided in Sections 363 and 552 of the Bankruptcy Code, without the giving of or filing of a bond;

j.      Pursuant to 11 U.S.C. § 1521, until further Order of the Court:

(1) to the extent that such actions are not otherwise stayed under 11 U.S.C. § 1520(a), all persons and entities (other than Lopez and his expressly authorized representatives and agents), are enjoined from commencing, pursuing, prosecuting and/or continuing any and all claims, causes of action and/or litigation against the Debtor and from executing against, selling, or otherwise disposing of any and all of the U.S. Assets, and from enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, order or arbitration award or lien against the Debtor or the U.S. Assets, except by or with the written consent of Lopez, provided, however, that, notwithstanding the foregoing, (a)  no police or regulatory act of a governmental unit (including a criminal

12

action or proceeding) shall be enjoined by the Order and (b) customers and other persons or entities that owe obligations to the Debtor are authorized to pay such obligations directly to the Debtor

      (2)     the administration and realization on all or part of the U.S. assets shall be entrusted to Lopez; and

      (3)     Lopez's counsel is authorized to examine witnesses, take evidence and require the delivery of information and documents concerning the Debtor's assets, affairs, rights, obligations and liabilities pursuant to the Fed. R. Bankr. P. 2004.

k.     The Foreign Proceeding shall be granted comity and given full force and effect;

l.     The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of the Order granting this Petition, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by an entity for relief from the provisions of the Order granting this Petition, for cause shown;

m.     No action taken by Lopez, British American or any of their successors, agents, representatives, advisors or counsel in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Foreign Proceeding, this Petition, an Order granting this Petition, or this Chapter 15 case or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded such persons under 11 U.S.C. §§ 306 and 1510; and

n.     Grants such other and further relief as the Court deems just and proper.

**B.    In the alternative, this Court Should Enter an Order Recognizing the Foreign Proceeding as a Foreign Nonmain Proceeding**

29.    Chapter 15 applies where, as here, "assistance is sought in the United States by a foreign court or a foreign representative in connection with a foreign proceeding." 11 U.S.C. § 1501(b)(I). Section 1517(a) of the Bankruptcy Code provides that this Court shall enter an order recognizing a foreign proceeding if (1) such foreign proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515.

i.    **In the Alternative, the Foreign Proceeding is a foreign nonmain proceeding**

30.    As noted above, the first finding that this Court must make before it is required to recognize the Foreign Proceeding as a foreign nonmain proceeding is a finding that the Foreign Proceeding is a foreign main proceeding or a foreign nonmain proceeding within the meaning of section 1502, 11 U.S.C. § 1517(a)(1). Lopez seeks that in the alternative, if the Court finds that the Foreign Proceeding is not a foreign main proceeding, that the Court find that the Foreign Proceeding is a foreign nonmain proceeding, that the Foreign Representative is a foreign representative, and that the Petition meets the requirements of section 1515.

a.    *The Foreign Proceeding is a foreign proceeding under 11 U.S.C. §101(23)*

31.    A foreign proceeding is "a collective judicial or administrative proceeding in a foreign country under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23). Section 1516 provides that "[i]

the decision or certificate referred to in § 1515(b) indicates that the Foreign Proceeding is a foreign proceeding …the court is entitled to so presume."

32.    A certified copy of the decision that commenced the Foreign Proceeding and initially appointed the Foreign Representative, is attached hereto as Exhibit "A."  Thus, pursuant to section 1516, this Court may presume that the Foreign Proceeding is a foreign proceeding.

*33.*    Even absent this presumption, facts exist that conclusively show that the Foreign Proceeding in the Bahamian Court is a foreign proceeding.  On September 8, 2009, the Supreme Court of The Commonwealth of The Bahamas, Commercial Division, granted the Insurance Commission's Petition for Appointment of Lopez as Judicial Manager for British American commencing the Foreign Proceeding.  Such judicial management is presently under the supervision and control of the Bahamian Court, pursuant to the laws of The Commonwealth of The Bahamas.

        *b.*    *The Foreign Proceeding Should be Recognized as a foreign nonmain proceeding*

34.    A foreign nonmain proceeding is "a foreign proceeding, other than a foreign main proceeding, pending in the country where the debtor has an establishment."   11 U.S.C. § 1502(5).

35.    Although there is a presumption under §1516(c) that the Debtor's registered office is presumed to be the center of the Debtor's main interests, should this Court find that the Foreign Proceeding is not a Foreign Main Proceeding pending where the Debtor has the center of its main interest under § 1502(4), British American has an establishment in numerous branch operations throughout the Caribbean.

36.     The Judicial Managers, Provisional Liquidators and Controllers who are each partners of member firms of KPMG International, a Swiss cooperative, have all coordinated their efforts through Lopez on behalf of British American and seek recognition of all the proceedings before this Court jointly with Lopez, the judicial manager for British American in the Bahamas, in order to best protect the interest of British American in the United States.

37.     British American, has an "establishment", under §1502(2), in a number of the jurisdictions where British American presently carries out economic activity under the direct control of the Judicial Managers, Provisional Liquidators and Controllers all of whom are coordinating their efforts through Lopez.    Through Lopez, British American also has establishment in the Bahamas where he carries out and directs the present economic activity of British American as its Judicial Manager and the coordination of the efforts of the Judicial Managers, Provisional Liquidators and Controllers of British American's branch operations and subsidiaries throughout the Caribbean.

38.     Accordingly, in the alternative, the Foreign Proceeding should be recognized as a foreign nonmain proceeding as defined in Section 1502(5) and under Section 1517(b)(2).

**ii.      Lopez, as Judicial Manager, is a Foreign Representative ("Foreign Representative")**

39.     In addition to finding that the Foreign Proceeding is a foreign proceeding, this Court must also find that the Foreign Representative is a foreign representative, including whether he is a "person" or "body."  11 U.S.C. § 1517(a)(2).

40.     This case was commenced by British American's authorized foreign representative within the meaning of section 101(24), which defines a foreign representative, in pertinent part, as a "person or body…authorized in a foreign proceeding to administer the

reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

41.    As an individual, the Foreign Representative is a "person" within the meaning of section 101(41).  Further, a true copy of the order appointing the Foreign Representative is attached hereto. It evidences that the Foreign Representative is duly appointed and is authorized to act as foreign representative with respect to British American and the Foreign Proceeding.  If a certified copy of the decision appointing a foreign representative indicates that the person is a foreign representative, the court is entitled to so presume.  11 U.S.C. § 1516(a).  Accordingly, by virtue of his appointment by the Bahamian Court, the Foreign Representative is a foreign representative within the meaning of section 101(24) and is therefore entitled to commence this case under chapter 15 of the Bankruptcy Code.

### iii.    The Petition Meets the Requirements of Section 1515

42.    The final finding that this Court must make before it is required to recognize a foreign proceeding is that the chapter 15 petition meets the requirements of section 1515.  11 U.S.C. § 1517(a)(3).  This chapter 15 case properly commenced as required by sections 1504 and 1509 by the filing of the Petition under section 1515(a).  Section 1504 provides that "[a] case under this chapter is commenced by the filing of a petition for recognition of a foreign proceeding under section 1515."  Section 1509(a) provides that "[a] foreign representative may commence a case under section 1504 by filing directly with the court a petition for recognition of a foreign proceeding under section 1515.

17

43.     Section 1515 provides, in pertinent part:

    (a)    A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.

    (b)    A petition for recognition shall be accompanied by a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative.

    (c)    A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

44.     "The minimal requirements of section 1515, coupled with the presumptions as to certain evidence submitted to support recognition, 11 U.S.C. § 1516, were 'designed to make recognition as simple and expedient as possible…'"  *United States of America v. J.A. Jones Constr. Group. LLC*, 333 B.R.. 637, 639 (E.D.N.Y.2005).

45.     Attached hereto as Exhibits are: (a) a certified copy of the decision commencing the Foreign Proceeding; (b), a certified copy of the order appointing the Foreign Representative as Judicial Manager of British American; (c) a statement identifying all foreign proceedings with respect to British American described herein as known by the Foreign Representative.

46.     Considering all of the above, the Foreign Representative has filed all documents required by section 1515 of the Bankruptcy Code.

    **iv.     This Court Should Grant Recognition of the Foreign Proceeding**

47.     This court has core jurisdiction to recognize the Foreign Proceeding as a foreign nonmain proceeding.   11U.S.C. § 157(b)(2)(P).   This case was commenced when the Foreign

Representative filed the petition for recognition with this Court.  The Foreign Proceeding is a foreign nonmain proceeding within the meaning of section 1502, the Foreign Representative is a foreign representative and person, and the Petition meets the requirements of section 1515.  Accordingly, section 1517(a) requires this Court to enter an order recognizing the foreign nonmain proceeding.  See 11 U.S.C. § 1517 (stating that an order recognizing a foreign proceeding "shall be entered" if all of the requirements for recognition are met); see also H.R. Rep. 109-31(1), 109th Cong., 1st Sess. 2005, reprinted in 2005 U.S.C.C.A.N. 88, 169 at 175 ("The requirements of this section, which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition").

48.    Section 1506 provides that "[n]othing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to public policy."  But the legislative history makes clear that the public policy exception to recognition is to be narrowly construed and apply only to the "most fundamental policies of the United States."  H.R. Rep. No, 109-31, at 1506 (2005).

49.    U.S. Courts generally recognize Bahamian insolvency laws as being in harmony with those of the United States.  *See e.g.*, *Matter of Culmer*, 25 B.R. 621 (Bankr. S.D.N.Y. 1982), In re Spanish Cay Co., Ltd., 161 B.R. 715 (Bankr. S.D. Fla. 1993), *Thornhill Global Deposit Fund, Ltd. v. Eagle Fund, Ltd.* 245 B.R. 1 (Bankr. D. Mass. 2000).

50.    Recognizing the Foreign Proceeding as a foreign nonmain proceeding will not violate United States public policy.  In fact, granting such recognition would be consistent with public policy by having a United States court cooperate with a foreign court, creating greater legal certainty for trade and investment, and promoting fair and efficient administration of cross-border insolvency cases.  *See* 11 U.S.C. § 1501(a); *see also Cornfeld v. Investors Overseas*

*Servs.*, 471 F. Supp. 1255, 1259 (S.D.N.Y 1979) ("[T]he firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction."). Furthermore, the relief requested is consistent with, and critical to effectuate, the relief and protections provided by the Foreign Proceeding, which treats British American's creditors in a way that is fair and reasonable in the context of the debtor's international financial circumstances. Thus, in order to preserve the interests of British American and all of its constituents, it is imperative that all claims and distributions be administered uniformly in accordance with Bahamian law.

      **C.**      **Related Relief Should be Granted**

      51.      In addition to recognizing the Foreign Proceeding as a foreign nonmain proceeding, further related relief is necessary to assist the Foreign Representative and the Bahamian Court in protecting and maximizing the value of the assets available to satisfy claims, and otherwise ensure the fair, effective, and economic management of British American. This relief is available pursuant to section 1521.

      **i.**      **The Relief Requested under Section 1521 is Necessary and Appropriate.**

      52.      Upon this Court's recognition of the Foreign Proceeding as a foreign proceeding, this Court may, at the request of the Foreign Representative, grant with certain exceptions, "any appropriate relief," provided that this Court determines that doing so is necessary to effectuate the purpose of chapter 15 and to protect British American's assets or the interest of creditors. 11 U.S.C. §1521(a). The Court, however, may only grant such relief if the interests of creditors and other interested entities, including the debtor, are sufficiently protected. 11 U.S.C. § 1522.

53.     Relief under section 1521 is required to assist the Bahamian Court and the Foreign Representative in ensuring the effective implementation of the Foreign Proceeding. Without the relief provided for in section 1521, the Bahamian Court would neither be able to ensure the fair and efficient administration of the Foreign Proceeding in a manner that protects the interests of all of British American's creditors or protect and maximize the value of British American's estate in the United States.   Accordingly, this Court should grant the further relief provided for in section 1521.

D.     The Foreign Representative seeks relief under 11 U.S.C. § 1530 to Coordinate more than 1 foreign proceeding

54.     As described above, there are various proceedings pending throughout various jurisdictions throughout the Caribbean affecting the branch operations and subsidiaries of British American.

55.     Lopez seeks relief under 11 U.S.C. § 1530 to ensure that the relief granted under this Petition is consistent with the structure and proceedings pending throughout the Caribbean and further described herein.

56.     Because British American is incorporated in the Bahamas where Lopez was appointed Judicial Manager and branch operations are not legally distinct entities in various respective operations where other Judicial Managers, Provisional Liquidators and Comptrollers have been appointed, this Court may facilitate the coordination of such proceedings under § 1530 to ensure that the relief granted herein is consistent with the pending foreign proceedings.

57.     Accordingly, Lopez seeks relief under § 1530 to ensure that the Court fashions relief which coordinates the various pending foreign proceeding, finding that the Foreign Proceeding is a Foreign Main Proceeding and recognizing Lopez as the Foreign Representative of British American in such foreign main proceeding under Chapter 15 of the Bankruptcy Code.

**D.       The Foreign Representative seeks relief under 11 U.S.C. § 1519**

58.       11 U.S.C. § 1519 provides for certain forms of relief which may be granted immediately upon filing a Petition for Recognition of a Foreign Proceeding.  Such relief includes (a) staying execution against assets of the Debtor; (b) entrusting the administration or realization of all or part of the Debtor's assets located in the United States to the Foreign Representative, in order to protect and preserve the value of assets which, by their nature or because of other circumstances are perishable, susceptible to devaluation or otherwise in jeopardy; and (c) any relief referred to in paragraphs (3), (4), or (7) of 11 U.S.C § 1521(a).  Those other forms of relief include suspending the right to transfer or encumber or dispose of any assets of the debtor (11 U.S.C. § 1521(a)(3)) and; providing for the examination of witnesses and taking of evidence concerning debtor's assets, affairs, rights, obligations or liabilities (11 U.S.C. § 1521(a)(4)).

59.       The successful administration of the British American estate requires that all property of British American be controlled by the Foreign Representative. If any other person or entity, is allowed to attach assets to the exclusion of other creditors, the Foreign Proceeding's effectiveness will be severely compromised.

60.       Enjoining all litigation and the immediate invocation of the protections of section 362 will cause minimal hardship to any persons subject to the injunctions.  Indeed, all of British American's creditors will benefit from the Foreign Representative's efforts to preserve and maximize the value of British American's estate.

## V.    NOTICE AND NO PRIOR REQUEST

61.    Notice of this Petition has been provided to: (a) parties identified in Bankruptcy Rule 2002(q)(1)[1]; (b) the United States Trustee; and (c) British American's known creditors in the United States.

62.    The Foreign Representative has not previously sought the relief requested herein from this or any other court.

## VI.    CONCLUSION

50.    The Foreign Representative believes that granting the relief sought herein will best assure an economical, expeditious and equitable administration of British American's estate. Moreover, rather that exposing British American to litigation and collection efforts that could lead to piecemeal distribution of its assets, as well as additional costs and distraction from the administration of the estate, the Foreign Representative will be afforded the "breathing room" to conduct an orderly review of British American's affairs so that its creditors receive equitable treatment.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an Order substantially in the form of the Proposed Recognition Order (Exhibit "E"), granting the relief requested by the Petition and this Verified Petition and the Foreign Representative such other relief as may be just and proper.

---

[1] Simultaneous with the filing of this Petition, Lopez has filed a motion for an order approving proposed notice procedures for foreign and unknown creditors of British American pursuant to 11 U.S.C. § 1514(b) and Fed. R. Bankr. P. 2002(q).

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).

Date: October 9, 2009

Respectfully submitted,
GRAYROBINSON, P.A.
*Counsel for Judicial Manager,*
*Juan M. Lopez a/k/a John M. Lopez*
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Leyza.Blanco@gray-robinson.com
Telephone:     (305) 416-6880
Facsimile:     (305) 416-6887
By: ___/s/ Leyza F. Blanco_____
          Leyza F. Blanco
          Florida Bar No.: 104639

## **VERIFICATION BY FOREIGN REPRESENTATIVE**

1.      I am the duly authorized judicial manager and the foreign representative of British American Insurance Company Limited, a company incorporated under the laws of The Commonwealth of The Bahamas and am authorized to commence the chapter 15 case.  I request that the relief sought in the petition for recognition and the Petition be granted.

2.      I have read the foregoing Petition and am informed and believe that the factual allegations contained in the Petition are true and correct.

3.      I verify under penalty of perjury under the laws of the United States of America that the factual allegations contained in the Petition are true and correct.


Date: October 9, 2009                              _____/s/ Juan Lopez_____
                                                    Juan Lopez, as Judicial Manager/Foreign Representative