UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

CHAPTER 15

In re:                                                                CASE NO.: 09-31881-EPK

BRITISH-AMERICAN INSURANCE
COMPANY LIMITED

    Debtor in a Foreign Proceeding
_____/

### GREEN ISLAND HOLDING, LLC'S MOTION FOR PROTECTIVE ORDER

Creditor, GREEN ISLAND HOLDINGS, LLC ("GREEN ISLAND"), by and through its undersigned counsel, and pursuant to Federal Bankruptcy Rule 7026-1.(E)(2), respectfully requests this Court enter a protective order with regards to the Request for Production of Documents Pursuant to Rule 7030 ("Request for Production"), propounded by JUAN LOPEZ, foreign representative of Debtor, BRITISH AMERICAN INSURANCE COMPANY LIMITED ("LOPEZ"), and as grounds therefor states:

1. These proceedings concern LOPEZ' petition for recognition of a foreign main or non-main proceeding pursuant to 11 U.S.C. § 1515 and 1517.

2. On October 13, 2009, the Court continued the evidentiary hearing on LOPEZ' petition until November 6, 2009. (**DE # 9).**

3. On November 3, 2009, three (3) days before the hearing is scheduled to take place, LOPEZ served GREEN ISLAND with the Request for Production. (**DE # 13**)

4. The Request for Production seeks documents pursuant to "Rule 7030." Bankruptcy Rule 7030, however, pertains to "Depositions Upon Oral Examination," not requests for production.

*In Re: British American Insurance Company, Ltd.*
Case No.: 09-31881-EPK
_____

5. Notwithstanding its technical flaw, the Request for Production is otherwise improper.

6. Specifically, the Request for Production is unreasonable and in violation of Bankruptcy Rule 7034 which incorporates Rule 34, Fed. R. Civ. P. and permits thirty (30) days to respond to requests for production, unless a shorter or longer time is stipulated to by the parties pursuant to Rule 29, or otherwise ordered by the Court.

7. The instant Request for Production was served on GREEN ISLAND three (3) days prior to the scheduled hearing, and demands that the documents requested be delivered to LOPEZ' counsel the next day, "*2 days before the November 6, 2009 hearing.*"

8. As LOPEZ did not seek leave of this Court nor obtain a stipulation from undersigned counsel, the Request for Production is, without a doubt, unreasonable and contrary to Bankruptcy Rule 7034.

9. Moreover, LOPEZ requests "[a]ll documents that [GREEN ISLAND] **intend[s] to introduce** at the November 6, 2009 hearing on the Chapter 15 petition in this case." (emphasis added)

10. LOPEZ is not entitled to the specific documents that GREEN ISLAND "intends to introduce" as they constituted protected work product. *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386, 1422 (11th Cir. 1994) (noting that attorney work product "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances").

11. Accordingly, LOPEZ' Request for Production is improper.

*In Re: British American Insurance Company, Ltd.*
Case No.: 09-31881-EPK
_____

WHEREFORE, Creditor, GREEN ISLAND HOLDINGS, LLC, respectfully requests this Court enter an Order granting GREEN ISLAND's Motion for Protective Order with regards to LOPEZ' Request for Production, and for such other and further relief as this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that pursuant to Local Rule 7026-1.(F), United States Bankruptcy Court, Southern District of Florida, the movant's attorney has attempted to confer with the attorney for the opposing party in a good faith effort to resolve by agreement the issues raised, but was unsuccessful to reach counsel either by telephone or e-mail.

### CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on November 4, 2009 upon: **Leyza F. Blanco, Esq.,** Gray Robinson, P.A., Counsel for Judicial Manager, Juan M. Lopez a/k/a John M. Lopez, 1221 Brickell Avenue, Suite 1600, Miami, Florida 33131.

Dated: November 4, 2009.

>The DuBosar Law Group, P.A.
>Attorneys for Creditor, Green Island Holdings, LLC
>120 East Palmetto Park Road, Suite 100
>Boca Raton, Florida 33432
>Phone: (561) 544-8980/ Fax: (561) 544-8988

By:     /s/ Howard D. DuBosar
>Howard D. DuBosar
>Florida Bar No. 729108