

**ORDERED in the Southern District of Florida on May 20, 2010.**

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| BRITISH-AMERICAN INSURANCE COMPANY LIMITED, | Case No. 09-31881-BKC-EPK (Jointly Administered) |
| Debtor in a Foreign Proceeding _____/ | |
| In re: | Chapter 15 |
| BRITISH-AMERICAN INSURANCE COMPANY LIMITED, | Case No. 09-35888-BKC-EPK |
| Debtor in a Foreign Proceeding _____/ | |

**ORDER GRANTING RELIEF UNDER 11 U.S.C. § 1521**

THIS MATTER came before the Court for hearings on February 1, 2010 and May 14, 2010, upon the request in the *Verified Petition for Recognition of Foreign Nonmain Proceeding Under 11 U.S.C. § 1515 and 1517 and For Coordination  Under 11 U.S.C. § 1530  of More Than 1 Foreign Proceeding and Related Relief Pursuant to 11 U.S.C. § 1515* [DE 2, Case No. 09-35888] (the "Petition") filed by Brian Glasgow (the "Foreign Representative") as duly

appointed Judicial Manager for British-American Insurance Company, Limited ("British American") in a proceeding pending before the Eastern Caribbean Supreme Court in the High Court of Justice of Saint Vincent and the Grenadines (the "Foreign Proceeding"), for an order granting relief under section 1521 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").  On March 22, 2010, the Court entered its *Opinion on Recognition  of Foreign Proceedings* [DE 6, Case No. 09-35888], recognizing the Foreign Proceeding as a foreign nonmain proceeding.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district under 28 U.S.C. § 1410.

The Court finds that the relief granted in this Order is necessary to effectuate the purpose of chapter 15 of the Bankruptcy Code and to protect the assets of British American and the interests of its creditors.

Upon consideration of the Petition, the evidence admitted in connection therewith, the presentations of counsel, and the record in this case, and being fully apprised in the premises, the Court **ORDERS** as follows:

1.    Pursuant to section 1521 of the Bankruptcy Code, the Court grants the following relief:

a.    sections 361 and 362 of the Bankruptcy Code apply with respect to British American and the property of British American that is within the territorial jurisdiction of the United States;

2

b.        sections 363, 549, and 552 of the Bankruptcy Code apply to a

transfer of an interest of British American in property that is within the territorial jurisdiction of

the United States to the same extent that such sections would apply to property of an estate;

c.        unless this Court orders otherwise, the Foreign Representative may

operate British American's business and exercise the rights and powers of a trustee under and to

the extent provided by sections 363 and 552 of the Bankruptcy Code;

d.        section 552 of the Bankruptcy Code applies to property of British

American that is within the territorial jurisdiction of the United States;

e.        the Court hereby stays the commencement or continuation of any

and all actions and proceedings, against British American or the Foreign Representative in his

capacity as Judicial Manager for British American, concerning the assets, rights, obligations, or

liabilities of British American;

f.        the Court hereby stays execution by any person or entity other than

the Foreign Representative against the assets of British American;

g.        the Court hereby suspends the right of any individual or entity

other than the Foreign Representative to transfer, encumber, or otherwise dispose of any assets of

British American;

h.        the Foreign Representative is authorized to examine witnesses and

documents concerning British American's assets, affairs, rights, obligations, or liabilities;

i.        the Court hereby entrusts the administration and realization of

British American's assets within the territorial jurisdiction of the Untied States to the Foreign

Representative; without limiting the foregoing, the Foreign Representative is authorized to direct

the transfer of funds held in the name of British American from the Family of Corban Funds,

Corban Fund II, LP, Corban Partners, LLC, Ryan Corban Group, LLC, and Wells Fargo, and any

other affiliated entities or funds, to an account in the United States to be held and controlled by

the Foreign Representative on behalf of British American;

j.       all assets entrusted to or realized by the Foreign Representative

shall remain in the United States until such time as the Court orders otherwise; and

k.       all custodians, depositories, and financial intermediaries are hereby

directed to comply with the Foreign Representative's directions regarding transfer of funds and

other assets owned by British American and held or deemed held within the territorial

jurisdiction of the United States.

2.       This Court retains jurisdiction over all matters relating to the interpretation

or implementation of this Order.

###

Submitted by:
Leyza F. Blanco, Esq.
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Leyza.blanco@gray-robinson.com
Telephone:    (305) 416-6880
Facsimile:    (305) 416-6887

Copies furnished to:
Leyza F. Blanco, Esq.

*(Attorney Blanco is directed to serve a conformed copy of this order upon all interested parties and file a Certificate of Service with this Court)*