UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          CHAPTER 15

BRITISH-AMERICAN INSURANCE                      CASE NO.: 09-31881-BKC-EPK
COMPANY LIMITED                                 CASE NO.: 09-35888-BKC-EPK
                                                (Jointly Administered)
        Debtor in a Foreign Proceeding

_____/

## CHARLES PRATT'S MOTION FOR PROTECTIVE ORDER AND/OR QUASH SUBPOENAS

CHARLES PRATT ("PRATT") and Green Island Holdings, LLC ("GIH") by and through their undersigned counsel, respectfully request this Court enter a protective order with regards to the Subpoenas for Rule 2004 Examination served on them, and as grounds therefor state:

1.      On November 2, 2010, PRATT was served with three (3) Subpoenas Duces Tecum (collectively the "Subpoenas") at his residence in Florida while he was briefly in the State for the taking of his deposition, by the Foreign Representative's counsel, in a separate matter.

2.      The Subpoenas command PRATT's appearance and the appearance GIV's and GIH's corporate representatives "with the most knowledge" in Florida on November 30, 2010.

3.      The first subpoena is directed at PRATT individually (the "Pratt Subponea").

4.      The second subpoena was served on PRATT for GIH (the "GIH Subpoena").

5.      The third subpoena was served on PRATT for , and Green Island Ventures, LLC ("Ventures") (the "Ventures Subpoena").

### A. *Charles Pratt is Not Authorized to Accept Service on Behalf of Ventures*

1

6.      At the time, PRATT was served with the Ventures Subpoena, he was not an officer, director, or registered agent of Ventures and not otherwise authorized to accept service on its behalf.  Accordingly, the Ventures Subpoena should be quashed.

**B.   _The Documents Requests are Untimely_**

7.      Attached to each subpoena is an Exhibit "A" requesting the production of documents by or before November 22, 2010.

8.      Pursuant to rule 30, Fed. R. Civ. P. a subpoena duces tecum may request, pursuant to Rule 34, that the deponent produce documents **"at the deposition."** Here, the Subpoena requests that documents be produced eight (8) days before the deposition is set to take place. Accordingly, this request is improper.

9.      To the extent that the Subpoenas would require documents to be produced at the deposition the request for same is untimely.  Rules 30 and 34, Fed. R. Civ. P. require that the party against whom a request for documents is made must be provided the request for documents 30-days in advance.  Here, the deponents were not provided with the required 30-days notice.

10.     Accordingly, the requests are untimely.

**C.   _The Document Requests are Vague,  Ambiguous, and Overbroad,_**

11.     Exhibit "A" to all three Subpoenas seeks the following documents:

    a.   Any and all documents relating to British American Insurance Company Limited, its affiliates, subsidiaries, shareholders, officers, directors and employees.

    b.   Any and all documents relating to Corban Financial Group, LLC, Corban Fund II, Limited Partnership, Corban Partners, LLC, and The Ryan Corban Group, LLC.

    c.   Any and all documents relating to transactions involving British American Insurance Company Limited.

12.     All three requests are vague, ambiguous, overbroad, and seek to invade attorney client privilege.

2

13.     The requests are vague, ambiguous, and overbroad as they do not limit the requests to any particular subject matter or time frame.  Specifically, it is well established that because the use of the term "relating to" could include any document that could remotely have anything to do with identified entities or transactions regardless of its nature, the requests are impermissibly overbroad.  *See, Cooper v. Meridian Yachts, Ltd.,* No. 06-61630-CIV, 2008 WL 2229552, at *10 (S.D.Fla. May 28, 2008) (noting that "courts have concluded that production requests that seeking information 'relating to' subject areas are impermissibly overbroad.").

14.     Moreover, these requests are so overbroad that they necessarily seeks documents covered by the attorney client privilege and work product doctrine.

15.     Accordingly, the deponents object to these requests.

**D.**     ***The Subpoenas Should be Quashed as they Subject Deponents to Undue Burden***

10.     The Subpoenas command PRATT's appearance in Florida on November 30, 2010.  Although PRATT is a resident of Florida, he regularly conducts his business in the State of New Jersey and will be in New Jersey on November 30, 2010 and unable to travel to Florida on that day.

11.     In addition to his inability to travel due to his business commitments, November 30, 2010 immediately follows the Thanksgiving weekend and the expense of traveling from New Jersey to Florida at that time would be significant and burdensome.

12.     As a result, the Subpoenas subjects PRATT to undue burden and should be quashed.

13.     The undersigned has conferred with counsel for the Foreign Representative in a good faith effort to resolve the matters addressed herein.  Counsel for the Foreign Representative has indicated that she is willing to re-schedule the depositions at a time that is more convenient

for PRATT, however, the parties have not yet been able to agree on a particular date.  Counsel for the Foreign Representative has further represented that she will address the remaining objections to the Subpoenas and document requests following the Thanksgiving holiday.  In light of the fact that the Subpoenas seek production of the documents by or before November 22, 2010, this Motion is being filed in abundance of caution and so as not to waive the objections addressed herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on November 22, 2010 upon: **Leyza F. Blanco, Esq.,** GrayRobinson, P.A., 1221 Brickell Avenue, Suite 1600, Miami, Florida 33131.

## CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

Dated: November 22, 2010

The DuBosar Law Group, P.A.
Attorneys for Creditor, Green Island Holdings, LLC
120 East Palmetto Park Road, Suite 100
Boca Raton, Florida 33432
Phone: (561) 544-8980
Fax: (561) 544-8988


By: _____ /s/ Howard D. DuBosar _____
         Howard D. DuBosar
         Florida Bar No. 729108