UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                          Chapter 15

BRITISH-AMERICAN INSURANCE                  Case No. 09-31881-BKC-EPK
COMPANY LIMITED                                      Case No. 09-35888-BKC-EPK

    Debtor in a Foreign Proceeding              *Jointly Administered*
_____/

## GLASGOW'S RESPONSE TO CHARLES PRATT'S MOTION FOR PROTECTIVE ORDER AND/OR QUASH SUBPOENAS

Brian Glasgow ("Glasgow"), duly appointed Judicial Manager for British-American Insurance Company LTD ("British American") and foreign representative, by and through undersigned counsel, files his response to Charles Pratt's Motion for Protective Order and Quash Subpoenas ("Pratt's Motion"), and in support states:

### A.    *Charles Pratt accepted service of process for the Ventures Subpoena*

1.    Pratt's first argument is that he is not authorized to accept service on Ventures' (as defined in Pratt's Motion) behalf. However, the fact is that he did. Undersigned counsel had asked whether The Dubosar Law Group, P.A. would accept service of subpoenas on Pratt's behalf and they responded in the negative. Accordingly, undersigned served the Ventures Subpoena upon Pratt himself, who accepted service thereof. Thus, Pratt has waived the argument that he cannot accept service now that he is personally represented by counsel and has already accepted service.

### B.    *The Document Requests are Timely*

2.    Undersigned counsel has agreed to set the 2004 examination to allow Pratt to have at least thirty (30) days' notice to produce the documents requested on the date upon which the parties agree for the examination to take place. The notices and subpoenas were served on November 2, 2010 and undersigned counsel provided December 2, 2010 as an alternate date

through an e-mail. Nonetheless, any date onward on which the examination is set will exceeds the thirty (30) days' notice period. Thus, Pratt's argument is contrary to the parties' understanding that a new date will be will be set to give Pratt ample notice to produce the documents requested at the examination.

**C.     *The Documents are not vague, ambiguous or overbroad***

3.      Undersigned counsel will issue newly amended notices to set a time limit for the document requests of January 1, 2006 to the present date so as to resolve this objection, which has not been done as the undersigned counsel has been attempting to reach an agreeable date for the examination to take place.  Undersigned counsel does not expect to receive documents that constitute attorney-client privileged documents.

**D.     *The Subpoenas should not be quashed as undersigned counsel represented to Pratt that a reasonably mutually may be set.***

4.      In an effort to set the 2004 examinations at a reasonably mutually convenient time, undersigned counsel provided to Pratt's counsel alternative dates for the examination to take place other than the original date set on the notices/subpoenas. However, Pratt has failed to respond with dates on which he and his counsel are available. (See Exhibit "A").

5.      Further, it should be noted that Pratt, not only testified that he lives and resides in Florida during an examination in another bankruptcy case pending before this Court, but also that the corporate entities for which he serves as the corporate representative, are Florida corporations. Thus, there is no reason whatsoever why Pratt should not be able to appear at the examinations thereof, even if he has "business commitments" outside of Florida.

6.      Any delays and objections on the part of Pratt should not be sustained given the fact that undersigned counsel has made efforts to resolve such objections and to accommodate Pratt. It appears as though Pratt's objections are mere efforts to delay sitting for his examination

until his return to Florida in February, 2011. Waiting until then when subpoenas and notices were served on November 2, 2010 is unreasonable and prejudices the Foreign Representative.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 6th day of December, 2010 upon all interested parties to receive electronic notification via this Court's CM/ECF system.

Date: December 6, 2010

Respectfully submitted,

GRAYROBINSON, P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Leyza.Blanco@gray-robinson.com
Telephone:    (305) 416-6880
Facsimile:    (305) 416-6887

By:    /s/ Leyza F. Blanco
        Leyza F. Blanco
        Florida Bar No.: 104639